IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| V. STEVEN BOOTH, | CASE NO. CV-F-08-1912 LJO GSA |
| Plaintiff, | **ORDER TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDERS** |
| v. | |
| SCOTT CARVELL, AL ROGERS, | |
| Defendants. | |

Plaintiff V. Steven Booth ("plaintiff") proceeds propria persona in this action for alleged Civil Rights violations in the execution of a search warrant.

On July 10, 2009, this Court issued an order requiring plaintiff to file an exhibit to the complaint no later than July 20, 2009. Plaintiff failed to comply with the Court's Order. On July 21, 2009, this Court issued an Order to Show Cause why this action should not be dismissed for plaintiff's failure to comply with the Court's order. The Order to Show Cause provided: "Failure to comply with this Order to Show Cause will result in a dismissal of this action."

The Court set the response to the Order to Show Cause as August 4, 2009. Plaintiff failed to respond to the Order to Show Cause.

**DISCUSSION**

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District Courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

1

appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action by his failure to provide requested information to the Court and to respond to this Court's orders. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The Order to Show Cause warned plaintiff that "**failure to timely comply with this order will result in dismissal of this action.**"  Thus, plaintiff received adequate warning that dismissal would result from noncompliance with this Court's orders.

**CONCLUSION AND ORDER**

Accordingly, this Court DISMISSES this action without prejudice pursuant to Local Rule 11-110 for plaintiff's failure to respond to this Court's orders and to comply with the Court's orders.  This Court DIRECTS the Court's clerk to enter judgment in conformance with this order and in favor of defendants Scott Carvell and Al Rogers, and against plaintiff V. Steven Booth and to close this action.

IT IS SO ORDERED.

**Dated:   August 6, 2009**              /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE